UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. McCRAW,<br><br>Petitioner,<br><br>v.<br><br>N. McDOWELL, Warden,<br><br>Respondent. | Case No. 17cv1106-LAB (BLM)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, and**<br><br>**(2) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Petitioner Charles J. McCraw is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenges a 2009 prison disciplinary proceeding at which he was found guilty of distribution of a controlled substance, for which he was assessed three years of visitation restrictions and one year of random drug testing. (Id. at 1-29.) Respondent has filed a Motion to Dismiss the Petition, contending that: (a) the Petition is untimely, (b) this Court lacks habeas jurisdiction because success on Petitioner's claims will not necessarily result in his speedier release from custody, and (c) the claims are procedurally defaulted. (ECF No. 8-1 at 2-11.) Petitioner has filed an Opposition. (ECF No. 11.)

For the reasons set forth herein, the Court finds there is no need to determine whether the Petition is timely under the one-year statute of limitations applicable to federal habeas petitions filed by state prisoners, or whether the claims are procedurally defaulted, because Petitioner may not proceed with his claims on federal habeas. Rather, he must present them to a federal court, if at all, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which has a different statute of limitations and to which the federal habeas procedural default doctrine does not apply. The Court therefore recommends granting in part and denying in part Respondent's Motion to Dismiss, and dismissing the Petition without prejudice to Petitioner pursuing his claims in a civil rights action.

## I. Procedural Background

On April 29, 1998, Petitioner was convicted of first degree murder and sentenced to 25 years-to-life plus four years in state prison. (ECF No. 1 at 2.) On September 16, 2009, while incarcerated at Calipatria State Prison, he was found guilty of distribution of a controlled substance. (Id. at 21-22.) The state appellate court described the offense:

> While Charles Ja'Donn McCraw was incarcerated at a prison in Imperial County in March 2007, a visitor smuggled several bindles of marijuana into the prison by concealing them in her brassiere. Video surveillance captured the visitor transferring one of the bindles to McCraw. During a search of his person for contraband, McCraw struck a correctional officer in the face. Disciplinary proceedings were delayed while the matter was referred for criminal prosecution. After McCraw pleaded no contest to battery on a nonprisoner in the criminal action, prison officials issued him a rules violation report for distribution of a controlled substance and found him guilty at a disciplinary hearing held in September 2009. The hearing officer imposed no forfeiture of credits, but did impose visitation restrictions through September 17, 2012, and random drug testing requirements through September 16, 2010.

(Id. at 48.)

Petitioner submitted a first-level appeal on a CDC 602 inmate appeal form to prison authorities on December 2, 2009. (Id. at 64.) The appeal was "screened out" and returned to Petitioner the next day because it was incomplete, as it was not accompanied by the required documentation. (Id.) Petitioner waited over five years before following up and

2

17cv1106-LAB (BLM)

notifying the prison authorities on May 11, 2015, that his initial grievance had been lost in the prison mail system after repeated attempts at resubmission. (Id. at 55-65.) He was notified on June 24, 2016, that his inquiry regarding his initial CDC 602 inmate appeal form did not satisfy the administrative exhaustion requirement. (Id. at 64-65.) Thus, the record does not establish that Petitioner has completed the administrative grievance procedure through to the director's level of review. See Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) ("In order to exhaust administrative remedies within [the California prison] system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, (4) third level appeal to the director of the California Department of Corrections."); but see Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (the exhaustion requirement can be excused if the administrative remedies were effectively unavailable to the prisoner because they "were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")

On June 13, 2016, Petitioner filed a habeas petition in the superior court. (Lodgment No. 1 [ECF No. 9-1].) He alleged, as he does here, that the Senior Hearing Officer at the disciplinary hearing changed the charge from possession of a controlled substance to distribution of a controlled substance without Petitioner being present, and that although there is sufficient evidence of possession, there is insufficient evidence of distribution. (Id. at 3-5.) The superior court denied the petition on August 26, 2016, on the basis that: (1) the disciplinary finding was supported by sufficient evidence, (2) Petitioner failed to exhaust his administrative remedies, and (3) the petition was untimely as nearly seven years had passed between the guilty finding and the filing of the habeas petition without an adequate explanation for the delay. (Lodgment No. 2 at 1-3 [ECF No. 9-2].) Petitioner filed a motion to reconsider on October 3, 2016, contending the prison authorities had delayed his pursuit of administrative remedies for over six years. (ECF No. 1 at 41-44.) The motion for reconsideration was denied on December 2, 2016, on the basis there is no provision in state law for such a motion in a habeas proceeding. (Id. at 45.)

Petitioner filed a habeas petition in the state appellate court on January 30, 2017, presenting the same claims. (Lodgment No. 3 at 3-8 [ECF No. 9-3].) The court denied the petition: (1) as untimely, (2) for failure to exhaust administrative remedies, (3) because the claims were not cognizable on habeas, and (4) as moot since the restrictions on visitation and drug testing had expired. (ECF No. 1 at 48-49.) Petitioner thereafter filed a habeas petition in the state supreme court presenting the same claims, which was denied with an order which stated: "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dexter* (1979) 25 Cal.3d 921, 925-926.)" (ECF No. 1 at 50-53; Lodgment No. 4 at 1 [ECF No. 9-4].)

## II. Petitioner's Claims

Petitioner claims that his federal due process rights were violated when the Senior Hearing Officer changed the disciplinary infraction from possession to distribution while Petitioner was not present (claim one), and that the guilty finding is arbitrary and capricious because the evidence presented at the disciplinary hearing, while sufficient to find him guilty of possession of a controlled substance, is insufficient to find him guilty of distribution of a controlled substance (claim two). (ECF No. 1 at 3-8.) He seeks reduction of his disciplinary finding from distribution to possession, a new disciplinary hearing, and the removal of the rules violation report from his prison file. (Id. at 8.)

## III. Discussion

A state prisoner's federal claims relating to his or her imprisonment either lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), or they "challenge[] any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act ("PLRA") and "must be brought, if at all, under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017), citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011). A district court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action "after notifying and obtaining informed consent from the prisoner."

Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.")

Petitioner here, as with the California state prisoner in Nettles, is serving an indeterminate term of life imprisonment with the possibility of parole, is challenging a disciplinary finding on federal due process grounds, and was found by the state court to have failed to exhaust administrative remedies. Id. at 925-27. Nettles, unlike Petitioner, lost custody credits in his disciplinary hearing. Id. However, Nettles, like Petitioner, sought to have the disciplinary finding expunged from his prison file. Id. at 927. Nettles alleged the existence of the disciplinary infraction in his prison file had the potential to affect future parole proceedings. Id. The Ninth Circuit found that Nettles' claim did not lie within the core of habeas corpus because success "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35 ("A rules violation is merely one of the factors shedding light on whether a prisoner" is suitable for parole); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("Here, if successful, Ramirez will not necessarily shorten the length of his confinement because there has been no showing by the State that the expungement [of the disciplinary infraction] Ramirez seeks is likely to accelerate his eligibility for parole.") Here, as in Nettles, Petitioner has not shown that success on the merits of Petitioner's claims would "necessarily" impact the duration of his confinement. In fact, since the restriction on visitation and the requirement for random drug testing assessed as a result of the disciplinary finding have long since expired, it does not appear that reversal of the disciplinary finding would have any impact whatsoever, other than removing the disciplinary violation from Petitioner's prison record, which Nettles made clear is insufficient to invoke habeas jurisdiction. Thus, Petitioner's claims do not lie at "the core of habeas corpus" and "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 927.

Although the Court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action, "after notifying and obtaining informed consent from the prisoner," the Court recommends declining to do so in this case. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") Here, the only Respondent (defendant) named in the Petition is Warden N. McDowell. ECF No. 1 at 1. Warden McDowell is the warden at Ironwood State Prison where Petitioner currently is housed, but Petitioner's allegations address a disciplinary action that took place at Calipatria State Prison. See id. at 12-22, 38, 47. As such, the Petition does not name the correct defendant(s) and it is unclear whom Petitioner seeks to hold personally responsible for the alleged denial of his federal rights, other than an unnamed "Senior Hearing Officer." Id. at 3. This is insufficient to state a claim under §1983. See e.g. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

In addition, Petitioner's claim accrued when he was found guilty of the disciplinary infraction on September 16, 2009. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") The statute of limitations would have been tolled while Petitioner was exhausting his administrative remedies, beginning on December 2, 2009, when he filed a first-level inmate appeal. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)). However, that appeal was screened out and returned to Petitioner the next day because it was incomplete, and it does not appear from the record that he resumed pursuit of his

administrative remedies until May 11, 2015. (ECF No. 1 at 57-65.) The effective statute of limitations for most California prisoners bringing a civil rights action is four years, the two year limitations period plus two years statutory tolling due to incarceration. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2002). Although the Court makes no determination regarding the statute of limitations, it appears Petitioner's four-year statute of limitations to file a federal civil rights complaint expired in September 2013, nearly four years before he commenced this action. His resumption of the pursuit of administrative remedies in 2015, if in fact that is what happened, occurred after the expiration of the limitations period. The Court notes however, that Petitioner contends the pursuit of his administrative remedies was thwarted by prison officials and that the administrative grievance procedure is inadequate. (ECF No. 1 at 55-56; ECF No. 11 at 2.) The Court makes no determination in this action regarding whether and to what extent Petitioner might be entitled to tolling of the limitations period on that basis, or whether he has in fact exhausted his administrative remedies. See 42 U.S.C. § 1997(e) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") The Court merely finds that it appears from the face of the Petition that any claims brought pursuant to 42 U.S.C. § 1983 may be untimely, which counsels against construing this action as one brought pursuant to 42 U.S.C. § 1983 because it would expose Petitioner to the provisions of the PLRA, one of which provides that the entire $350 civil filing fee must be collected even if he qualifies to proceed in forma pauperis and regardless of whether his action is ultimately dismissed as untimely. Bruce v. Samuels, 577 U.S. ___, 136 S. Ct. 627, 630 (2016). For these reasons, the Court recommends declining to construe this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936.

Accordingly, the Court recommends that Respondent's Motion to Dismiss be granted with respect to Petitioner's failure to present a claim that is cognizable on federal habeas, and denied with respect to the allegations of untimeliness and procedural default. The Court recommends the Petition for a writ of habeas corpus be dismissed without

prejudice to Petitioner proceeding with his claims, if he wishes, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

## IV. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss on the basis that the Petition fails to present a claim that is cognizable on federal habeas, and **DISMISSING** the Petition without prejudice to Petitioner proceeding with his claims in a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

**IT IS ORDERED** that no later than **December 29, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 19, 2018.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: 12/1/2017

Hon. Barbara L. Major
United States Magistrate Judge